## GOLD SEAL ELECTRICAL CO., Inc., v. RADIO CORPORATION OF AMERICA.

### No. 4560.

Circuit Court of Appeals, Third Circuit.

Oct. 7, 1931.

Samuel E. Darby, Jr., of New York City (W. H. Foulk, of Wilmington, Del., and Darby & Darby, of New York City, of counsel), for appellant.

John W. Davis and Stephen H. Philbin, both of New York City, and Charles F. Curley, of Wilmington, Del., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Jurge.

In this case it appears that in the Southern District of New York the Gold Seal Electrical Company was sued by the American Telephone & Telegraph Company and the General Electric Company, owners of certain patents, and the Radio Corporation of America, exclusive licensee thereunder, for infringement. The suits were begun September 7, 1928, and were reached for trial in January, 1931. On the eve of trial the defendant filed a bill in the District Court of Delaware against the Radio Corporation of America, one of the parties in the suits in New York, praying, inter alia, that the Radio Corporation be enjoined, "from further prosecuting, until the further order of this Court, the suit now pending in the United States District Court for the Southern District," etc. The court below on hearing the motion for a preliminary injunction refused to grant the same, whereupon the plaintiff took this appeal.

The District Court for the Southern District of New York having previously taken jurisdiction of the parties and the validity, infringements, etc., of the patents involved, it is clear that an effort by one of the parties to that suit to have the Court of the Delaware District enjoin the prosecution of the New York suit must show a clear and indubitable right on its part and the court of Delaware to thus control the jurisdiction of the first named court. This the Gold Seal Corporation says it has a right to do because the Radio Corporation is a party to a contract, the aim and purpose of which is to violate the Clayton Act (38 Stat. 730). But the latter shows no connection, no right, obligation, responsibility, or liability under said contract that will in any way affect it. Its relation to the plaintiffs in the New York case is simply that of an alleged infringer. If it succeeds in that contention, and that court holds it does not infringe, that of course, defeats the action. If, on the other hand, it be adjudged an infringer, and its liability as such is extinguished, condoned, or lessened by any act of the other parties to that suit, it would seem that that court is in better shape to grant appropriate relief than is the Delaware court, which does not have all the parties before it, and certainly has no right to take the question of the enforcement of the patent out of the hands of the New York Court. Moreover, three years back the plaintiff had as much right, if any, as it has now to file a bill asking the drastic relief of preliminary injunction. Apart from the discretion the

judge below ,had wisely exercised in refusing, in effect, to enjoin the New York court, or of holding, as it might have done, that the plaintiff showed no injury to. itself, the laches of the plaintiff in instituting this belated suit warranted the refusal of the preliminary injunction. Its order denying a preliminary injunction is therefore affirmed.